**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| Barbara Covalt, David Allen, Ramiro Ramirez, Andrew Tijerina, and Estella Truong<br><br>Plaintiffs,<br>v.<br><br>First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions,<br><br>Defendant. | Civil Action No.: 5:19-cv-598-DAE<br><br><br><br><br>**AMENDED COMPLAINT** |

For this Amended Complaint, the Plaintiffs, Barbara Covalt, David Allen, Ramiro Ramirez, Andrew Tijerina, and Estella Truong, by undersigned counsel, state as follows:

**INTRODUCTION**

1. Plaintiffs Barbara Covalt, David Allen, Ramiro Ramirez, Andrew Tijerina, and Estella Truong (collectively "Plaintiffs"), bring this action for damages resulting from the illegal actions of First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions ("Sekure" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiffs' cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Sekure is a telemarketing company that provides payment processing services. In order to promote its services, Sekure operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

3. Plaintiffs are each consumers who were on the receiving end of Sekure's telemarketing campaign. None of the Plaintiffs have ever had any business relationship with

Sekure or otherwise provided Sekure with permission to call their cellular telephones, yet they each have been bombarded with automated telemarketing calls from Sekure.

## JURISDICTION

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 751-53 (2012).

5. Sekure regularly engages in business in this District, including making the telemarketing calls that form the basis of Plaintiffs' claims, into this District.

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District in that Sekure's automated calls to the Plaintiffs were made into this District.

## PARTIES

7. Plaintiff Barbara Covalt ("Covalt") is and at all times mentioned herein was, an adult individual residing in San Antonio, Texas, and a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff David Allen ("Allen") is, and at all times mentioned herein was, an adult individual residing in Austin, Texas, and a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff Ramiro Ramirez ("Ramirez") is and at all times mentioned herein was, an adult individual residing in Round Rock, Texas, and a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff Andrew Tijerina ("Tijerina") is, and at all times mentioned herein was, an adult individual residing in Cedar Park, Texas, and a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff Estella Truong, ("Truong") is, and at all times mentioned herein was, an

adult individual residing in Round Rock, Texas, and a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant First Choice Payment Solutions G.P. is a Québec general partnership doing business as Sekure Merchant Solutions. Sekure's principal place of business is located at 333-1000 Rue Saint-Antoine O, Montréal, QC H3C 3R7, Canada, but it maintains locations in the United States, including at 1501 Broadway, 12th Floor, New York, New York, 10036. Sekure engages in telemarketing directed into the United States nationwide, including specifically into this District.

13. None of the Plaintiffs ever had a business relationship with Sekure and never consented to be contacted by Sekure on their cellular telephones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

14. The TCPA regulates, among other things, the use of automated telephone dialing systems.

15. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

16. In 2013, the FCC required prior express **written** consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]

*In re Rules & Regs. Implementing the TCPA*, 27 FCC Rcd. 1830, 1844 (2012) (notes omitted).

## FACTS

17. Sekure has repeatedly placed telemarketing calls using an automatic telephone dialing system to Plaintiffs' cellular telephones.

18. Specifically, Sekure called Plaintiff Covalt at cellular telephone number 210-xxx-0827; Plaintiff Allen at cellular telephone number 512-xxx-8178; Plaintiff Ramirez at cellular telephone number 512-xxx-1635, Plaintiff Tijerina at cellular telephone number 512-xxx-0888, and Plaintiff Truong at cellular telephone number 512-xxx-3027.

19. Each of the Plaintiffs' number were and are assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. Sekure called the Plaintiffs with the Five9 cloud-based predictive dialer. See https://www.five9.com/products (Five9 touts its "selection of automatic dialing modes.") (last visited September 5, 2019).

21. Sekure inserted each of the Plaintiffs' telephone numbers into the Five9 dialer to further its telemarketing efforts and attempt to sell its payment processing services.

22. Once Plaintiffs' telephone numbers were stored within the Five9 dialer, the dialer then dialed Plaintiffs' cellular telephones without any human intervention.

23. At all times mentioned herein, Sekure called Plaintiffs' cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).  When

each Plaintiff answered calls from Sekure, they were often met with a period of silence before being transferred to a live representative. This is indicative of Sekure's use of an automated dialer which calls without human intervention and then transfers the call to an available representative.

24. This type of system is often referred to as a predictive dialer. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

25. In addition to being a predictive dialer under FCC rulings, the Five9 dialer has the capacity to store and produce numbers using a random or sequential number generator and then automatically dial such numbers. *See Morgan v. On Deck Capital, Inc.*, No. 3:17-CV-00045, 2019 WL 4093754, at *7 (W.D. Va. Aug. 29, 2019) (Denying defendant's motion for summary judgment on this issue whether its Five9 dialing system is an ATDS because, *inter alia*, "[p]laintiff's evidence . . . establish[ed] [that the Five9 system has] the capacity to store and produce numbers using a random or sequential number generator and then automatically dial such numbers . . . .).

26. Using this powerful ATDS dialing system, Sekure makes 120,000 to 150,000 outbound calls every single day.

27. Sekure did not have any of the Plaintiffs' prior express consent, written or otherwise, to place automated telemarketing calls to Plaintiffs on their cellular telephones.

**COUNT I**

**Negligent Violations of the Telephone Consumer Protection Act,
 47 U.S.C. § 227, *ET SEQ*.**

28. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

29. Defendant negligently placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

30. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

31. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

32. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporate them herein by reference.

33. Defendant knowingly and/or willfully placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

34. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

35. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 5, 2019

>Respectfully submitted,
>
>By: __/s/ Sergei Lemberg_____
>
>Sergei Lemberg, *Attorney-in-Charge*
>Connecticut Bar No. 425027
>LEMBERG LAW, L.L.C.
>43 Danbury Road, 3rd Floor
>Wilton, CT 06897
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>E-mail: slemberg@lemberglaw.com
>Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2019, a true and correct copy of the foregoing Amended Complaint was served electronically via Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                               */s/ Sergei Lemberg*
                                               Sergei Lemberg